UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM R. SWEET, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No.: _____ |

**COMPLAINT FOR DAMAGES IN A CIVIL CASE**

Plaintiff, William R. Sweet ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

**PARTIES**

1. William R. Sweet is a citizen of Fort Wayne, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

1

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on August 15, 2019 detailing his claim against the Defendant.

13. More than six months have passed since Plaintiff submitted the SF95 to the Veterans Administration. Plaintiff has not received any communication from the Veterans Administration regarding his claim.

14. Pursuant to 28 U.S.C. §2675(a), "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Plaintiff hereby exercises his option to deem his claim denied by the Veterans Administration on April 6, 2020.

15. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after . . . final denial of the claim by the agency to which it was presented."

16. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on May 24, 2019.

17. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on May 24, 2019.

18. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

19. Plaintiff was referred by his primary care provider to see a podiatrist for left ankle instability. Plaintiff saw Dr. Karen Slone on September 9, 2014.

20. Dr. Slone diagnosed Plaintiff with a left ankle sprain and peroneal tendonitis.

21. Plaintiff had an MRI, which showed flattening of the peroneus brevis without evidence for a tear.

22. On November 17, 2014, Plaintiff saw Dr. Hammersley who diagnosed a peroneus brevis rupture. Dr. Hammersley recommended surgery. Dr. Hammersley breached the standard of care by diagnosing a peroneus brevis rupture and by recommending surgery.

23. Plaintiff returned to Dr. Hammersley on March 24, 2015 and in that note, Dr. Hammersley added a diagnosis of anterior talofibular ("ATF") ligament rupture. There is no evidence to support a diagnosis of ATF ligament rupture.

24. Dr. Hammersley consented Plaintiff for surgery but used a consent form for Achilles tendon repair with graft. Dr. Hammersley mentioned peroneal tendon repair in that consent form but did not mention the ATF ligament repair.

25. On May 20, 2015, Dr. Hammersley performed surgery. The planned procedure was repair of peroneus brevis and ATF ligament on the left.

26. According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated May 29, 2019 (attached hereto as Exhibit 1), there were multiple criticisms of the surgery that occurred on May 20, 2015. Among the criticisms are, "Dr. Hammersley used the incorrect suture thickness for tendon repairs," that Dr. Hammersley "removed a section of tendon, shortening it," and that Dr. Hammersley documented that the ATF ligament was atrophic and lax, which was not supported by the MRI findings. Dr. Hammersley breached the standard of care in performing this surgery.

27. The Disclosure further indicated that Dr. Hammersley did not use the correct technique for an ATF ligament repair. Dr. Hammersley breached the standard of care by incorrectly performing this surgery.

28. Plaintiff saw a non-VA podiatrist, Dr. Hilker, on December 20, 2016. Dr. Hilker diagnosed left distal peroneus brevis tendon atrophy among other diagnoses.

29. On September 12, 2017, Plaintiff returned to Dr. Hilker, who recommended surgery. Dr. Hilker performed surgery in October 2017.

30. On December 18, 2018, Plaintiff saw another podiatrist, Dr. Becker. Plaintiff had another surgery on his left ankle on April 5, 2019.

31. According to the May 29, 2019 VA Disclosure, Dr. Becker indicated that the surgery by Dr. Hammersley was unnecessary and that Plaintiff could have been treated with physical therapy alone.

32. On May 24, 2019, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley. At the May 24, 2019 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

33. In the May 29, 2019 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

34. As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered serious and permanent harm including unnecessary surgery, chronic left ankle and foot pain, disfigurement of the left foot, balance issues due to the disfigurement, and an inability to perform many activities of daily living.

35. As further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned (from a VA podiatrist, Dr. Becker) that the surgeries were performed inappropriately.

36. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95. If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 8th day of April 2020,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com


"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com